Chicago Die & Electric Company, Appellee, v. Walter R. Brown et al., Louis T. Orr, Appellant.

## Gen. No. 15,476.

REPLEVIN—*when peremptory instruction should be given for defendant.* In an action for replevin in which counts in trover and detinue are filed a peremptory instruction should be given for the defendant who (1) did not illegally take the property in question, (2) who never had possession thereof and (3) who never detained the same.

Replevin. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of facts. Opinion filed May 31, 1911.

MCCABE, CLOYES & KULL, for appellant.

EMERY S. WALKER and JOHN L. DAVIDSON, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

This appeal is from a judgment in an action of replevin brought by the Chicago Die & Electric Company, appellee, hereinafter referred to as the plaintiff, against Louis T. Orr, appellant, hereinafter referred to as defendant, Walter R. Brown, Walter Merchant, Kemplin Crusher & Pulverizer Company and Charles Liebrandt. The defendant Brown was not served with process in the action. The Kemplin Crusher & Pulverizer Company was defaulted, and at the close of the plaintiff's case the Circuit Court directed a verdict as to the defendant, Walter Merchant; and at the close of all the testimony it directed a verdict as to the defendant, Charles Liebrandt.

On the trial the jury returned a verdict against the defendant, Louis T. Orr, for $415, on which verdict, after overruling the defendant's motion for a new trial, the court entered judgment.

The original declaration, consisted of three counts, namely, a count in replevin, one in detinue and one in trover. On October 3d, 1908, the court gave the plaintiff leave to file, and it did file, an additional count, the order providing that the pleas on file should stand as pleas to the declaration as amended. The additional count is in trover, and avers that at the request of the Kemplin Crusher & Pulverizer Company, plaintiff manufactured and constructed the machine in question out of its own materials, and at its own expense, and being possessed thereof had a lien thereon for the labor and material when it lost said machine.

Defendant Orr, among other pleas, filed a plea alleging that the property in question belonged to the defendant, Walter R. Brown, and that it was not the property of the plaintiff; that the machine in question was the property of the Kemplin Crusher & Pulverizer Company, and that it, on November 21, 1904, mortgaged the same to the defendant, Walter R. Brown, to secure its note for $925, which mortgage was duly acknowledged and recorded in the recorder's office

of Cook county, November 23, 1904; that the said Kemplin Crusher & Pulverizer Company failed to pay said note, and on December 22, 1904, said mortgage was properly foreclosed and said machine became and was the property of Walter R. Brown. Plaintiff by its replication averred that the machine was the property of the plaintiff and not the property of Brown, and that the Kemplin Crusher & Pulverizer Company did not execute at any time a chattel mortgage on said machine, and that the same was not foreclosed.

The evidence offered at the trial discloses that the plaintiff, the Chicago Die & Electric Company, does special work and builds experimental machinery, and that in 1904, it entered into a contract with Kemplin Crusher & Pulverizer Company to build for it a machine to be used to crush ore. The Kemplin Crusher & Pulverizer Company furnished the pattern and the plaintiff furnished the materials and was to receive an agreed sum per hour for the time put upon the machine by its workmen in the building of the machine. The machine was practically completed on November 24, 1904. The Pulverizer Company on that date made its note whereby it promised to pay to the order of Walter R. Brown, thirty days after date, $925 with interest at six per cent. per annum. The note recites that it is secured by a chattel mortgage, and to secure this note the Kemplin Crusher & Pulverizer Company by a chattel mortgage in the usual form bearing even date therewith, pledged its personal property of every kind and nature, including a lot of patterns and a lot of office furniture and three crushers and a lot of drawings and stock on hand. This note was not paid at maturity.

On December 22, 1904, Walter R. Brown took possession under the chattel mortgage and note above described. In the taking of possession of the property described in the chattel mortgage the defendant Orr, who is an attorney at law, acted as the attorney for the defendant Brown. He had never seen the chattel mortgage in question, prior to the morning of December 22, 1904. Mr. Brown, as holder of the note and chattel mortgage, stated to Mr. Orr the nature of his business and what he desired to be done, and the defendant Orr after

communicating this to defendant Liebrandt by telephone introduced Brown to Liebrandt, and Brown requested Liebrandt to go with him to the plaintiff's place of business for the purpose of foreclosing the mortgage and taking possession of whatever machinery he could find there which was described in the mortgage. Thereupon Brown, Liebrandt and the defendant Orr went first to the office of the mortgagor, Kemplin Crusher & Pulverizer Company, in the Chicago Title & Trust Company Building, and after taking possession of the office of the mortgagor, Liebrandt, Brown and Orr, proceeded to the place of business of the plaintiff, and there met Mr. Hogg, the president of the plaintiff. Mr. Orr informed Mr. Hogg that they had come to foreclose the chattel mortgage given by the Kemplin Crusher & Pulverizer Company, and that they understood that one of the machines described in the mortgage was in the plaintiff's place of business. Mr. Brown handed the chattel mortgage to Mr. Hogg, who examined it. He said that he had one of the machines that was mentioned in the mortgage, and indicated the machine and Brown told him he had come for it. After some discussion, in which Hogg claimed a lien upon the machine, he told Brown that he might take the machine, and subsequently ordered his employees to assist in loading it. At that interview the defendant Orr, at the request of Mr. Hogg, prepared a receipt for the machine, which was signed by Brown as mortgagee, and was by him delivered to the plaintiff. The defendant Orr did not touch the machine, never had the machine in his possession, and never assumed any control over it, according to the evidence.

At the conclusion of the plaintiff's evidence, the defendant Orr requested a peremptory instruction in his favor, which was denied, and at the conclusion of all the evidence a like request was made and denied. It is contended on the part of the appellant that the court erred in denying these requests for peremptory instructions, and in refusing certain other instructions, requested by the defendant, and modifying certain other instructions requested by the defendant, and

giving same as modified, and that the verdict is against the weight of the evidence.

Upon an examination of the evidence in the record, we are of the opinion that it fails to make out a case against the defendant Orr. There was no illegal taking of the machine in question by him. He never had it in his possession or control; he never detained it, and never assumed any authority over it for which he can be held liable under the original or additional counts of the declaration. We have stated in substance the evidence produced on the trial of the case shown in the record, and in our opinion it fails to make out a case against the defendant Orr under either of the counts of the declaration. The court should have instructed the jury at the close of the evidence in the case as requested by the defendant Orr. The judgment is therefore reversed with a finding of fact.

*Reversed with finding of facts.*